# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| LLOYD and DANIELLE NEAL, JAMES P. TROY, and DAVID M. SABATO and MITZI B. SABATO as trustees of SABATO DAVID M AND SABATO MITZI B 2017 REVOCABLE TRUST,<br><br>                Plaintiffs,<br><br>      v.<br><br>GREENFIELDS IRRIGATION DISTRICT, FORT SHAW IRRIGATION DISTRICT, and DOES A-E,<br><br>                Defendants,<br>_____<br><br>GREENFIELDS IRRIGATION DISTRICT and FORT SHAW IRRIGATION DISTRICT,<br><br>                Third-Party Plaintiffs,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF RECLAMATION,<br><br>                Third-Party Defendant. | CV-21-106-GF-BMM<br><br>**ORDER ON THIRD-PARTY DEFENDANT'S MOTION TO DISMISS** |

## INTRODUCTION

Third-Party Defendant U.S. Bureau of Reclamation ("BOR") has moved to dismiss the Third-Party Complaint (Doc. 5) filed by Defendants Fort Shaw Irrigation District ("Fort Shaw") and Greenfields Irrigation District ("Greenfields") (collectively "the Districts"). The Court conducted a hearing on August 24, 2022.

## FACTUAL AND LEGAL BACKGROUND

Plaintiffs Lloyd and Danielle Neal, James P. Troy, and David M. Sabato and Mitzi B. Sabato, as trustees of the Sabato David M and Sabato Mitzi B 2017 Revocable Trust (collectively "Plaintiffs"), brought suit against the Districts in Montana's Eighth Judicial District Court, Cascade County. (Doc. 18 at 3); *see* Case No. BDV-20-283 ("the state case"). Plaintiffs allege that the Districts operate the Willow Creek Feeder Canal ("the Canal") that runs through Plaintiffs' property. (Doc. 5-1 at 1.) Plaintiffs allege that the Canal has eroded, silted, and significantly damaged their property. (*Id.*)

The Districts moved to dismiss the state case under Mont. R. Civ. P. 19, arguing that BOR was an indispensable party that could not be joined in state court. (Doc. 18 at 3.) The state court granted the motion. The state court determined that it would be unable to award complete relief to Plaintiffs without BOR's participation or consent. (Doc. 5-1 at 10.)

Plaintiffs filed their Complaint against the Districts in this Court on October 18, 2021 (Doc. 1.) Plaintiffs filed an Amended Complaint on November 16, 2021. (Doc. 5.) The Districts answered the Amended Complaint and simultaneously filed a Third-Party Complaint against BOR for breach of contract, negligence, and declaratory judgment. (Doc. 8.)

BOR now moves to dismiss. BOR alleges that the Districts' crossclaim represents a direct claim against BOR for which the Government has not waived sovereign immunity. (Doc. 17.) Fort Shaw's response brief (Doc. 27) merely joined in Greenfields' brief (Doc. 26), and, therefore, the Court will group and consider together the Districts' arguments. Plaintiffs take no position on BOR's motion. They ask the Court to retain supplemental jurisdiction over their claims against the Districts should the Court grant BOR's motion. (Doc. 20 at 3.) The Districts do not object to Plaintiffs' request that the matter remain in federal court if the Court grants BOR's motion. (Doc. 26 at 9.)

## LEGAL STANDARDS

Rule 12(b)(1) permits a defendant to move for dismissal on the basis that the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Courts presume a lack of jurisdiction until the plaintiff proves otherwise. *See Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal courts lack subject matter jurisdiction over a claim against the United States absent a

3

waiver of sovereign immunity by the United States." *Mitrano v. United States*, No. CV-16-13-GF-BMM, 2017 WL 499905, at *1 (D. Mont. Feb. 7, 2017) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter to state a claim for relief that appears plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). A claim appears plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## DISCUSSION

BOR moves to dismiss the District's Third-Party Complaint (Doc. 5) for lack of subject matter jurisdiction. (Doc. 17.) BOR alleges that the Districts' crossclaim amounts to a direct suit against the United States for which the United States has not waived sovereign immunity. (*Id.* at 5–10.) BOR additionally argues that the Districts have failed to state claims upon which relief can be granted by this Court. (*Id.* at 10–16.)

**I.  Whether sovereign immunity bars the Districts' claims against BOR.**

A direct suit against the United States is not permitted unless Congress has waived sovereign immunity. This waiver must be expressed unequivocally. *McNabb v. U.S. Dep't of the Army*, 623 F. App'x 870, 872 (9th Cir. 2015). BOR argues that sovereign immunity bars the Districts' claims against it. (Doc. 18.)

The Court's subject matter jurisdiction in this matter depends on the Reclamation Reform Act of 1982, which provides a limited waiver of sovereign immunity in the context of federal reclamation contracts. The statute provides consent "to join the United States as a necessary party defendant." 43 U.S.C. § 390uu ("Section 390uu"). This consent applies to "any suit to adjudicate, confirm, validate, or decree the contractual rights of a contracting entity and the United States regarding any contract executed pursuant to Federal reclamation law." *Id.*

BOR argues that Section 390uu waives sovereign immunity in the instance of joining the United States as a necessary party, but not in instances where a plaintiff brings suit directly against the United States. (Doc. 18 at 7–8 (citing *United States v. Orff*, 545 U.S. 596 (2005)). The U.S. Supreme Court held in *Orff* that Section 390uu "does not permit a plaintiff to sue the United States alone" and "does not waive immunity from suits directly against the United States." 542 U.S. at 602, 604.

The Districts argue that BOR misconstrues the holding in *Orff*. (Doc. 26 at 7.) The Districts assert that Section 390uu waives sovereign immunity so long as the United States is joined to an existing action by a claimant who either is a contracting party or intended third-party beneficiary of a Reclamation contract. (Doc. 26 at 11–12.) The Districts argue that *Orff*'s holding, when properly interpreted, prohibits only a standalone lawsuit against the Government. (*Id.* at 12.)

The Districts urge that resolution of Plaintiffs' claims "necessarily requires adjudication and validation of Reclamation contracts between each of the Districts and BOR." (*Id.* at 14.) The Districts contend that Plaintiffs' requested relief includes repairs and alterations to the Canal and any changes to the Canal require the approval of BOR. (*Id.*)

The Districts' arguments prove unavailing. Despite the Districts' attempts at categorizing their crossclaim against BOR as "joining" the United States to the Plaintiffs' suit, they level claims directly against BOR and actually seek contribution from BOR for compensatory damages. (Doc. 8 at 7.) The Districts' crossclaim constitutes a direct suit against the United States. *Orff*, 542 U.S. at 604.

The Districts' attempt to limit *Orff*'s holdings to claims "solely" against the Government lacks merit. Contrary to the Districts' claims, *Orff* determined that Section 390uu's waiver of sovereign immunity does not encompass direct suits against the United States. *Id. Orff* clearly states that Section 390uu "does not waive immunity from suits directly against the United States, as opposed to joinder of the United States as a necessary party defendant" to allow complete adjudication of reclamation contract rights. *Id.*

Recent cases have applied *Orff* to bar any direct claims against the United States, even in the case of multiparty suits or crossclaims. The District of Arizona in *Ak-Chin Indian Community v. Maricopa-Stanfield Irrigation & Drainage*

6

*District* dismissed a crossclaim against the United States brought pursuant to Section 390uu, even though the United States properly had been joined as a party. No. CV-20-00489-PHX-JJT, 2021 WL 2805609, at *5 (D. Ariz. July 6, 2021). The district court recognized that "Section 390uu does not allow [a party] to bring an independent crossclaim against the federal government." *Id. Ak-Chin* also limits the holding of *Roosevelt Irrigation Dist. v. United States*, No. CV-15-00448-PHX-JJT, 2015 WL 13747125, at *4 (D. Ariz. Nov. 16, 2015), on which the Districts rely. *Ak-Chin* concluded that "[n]othing in *Roosevelt* indicates that Section 390uu waives sovereign immunity for a direct crossclaim against the United States where the United States has already been joined to the lawsuit." *Ak-Chin*, 2021 WL 2805609, at *6.

*Roosevelt*'s holding relies on its unique procedural posture, as BOR notes (Doc. 29 at 7). The federal defendants in *Roosevelt* had not been joined. 2015 WL 13747125, at *4. The federal defendants acknowledged, however, that joinder would be appropriate. *Id.* The district court allowed the case to proceed without dismissal and formal joinder to avoid "procedural gymnastics." *Id.* BOR has made no such concession regarding the appropriateness of joinder. The Districts' crossclaim against BOR falls within the general prohibition on direct suits against the Government. Section 390uu does not present a valid waiver of sovereign

immunity for the crossclaim against BOR and thereby eliminates this Court's jurisdiction and bars the Districts' crossclaim.

Joinder of BOR pursuant to FRCP 19 remains available. The Court encourages the Districts to properly join BOR, keeping in mind the appropriate scope and purpose of such actions—adjudicating or declaring contractual rights rather than direct suit against the United States—as specified in Section 390uu.

## II. Whether the Districts have failed to state a claim upon which relief can be granted.

BOR argues that the Districts' crossclaim against BOR fails to state a claim upon which relief can be granted even if this Court were to possess subject matter jurisdiction. (*Id.* at 10.) BOR raises three distinct arguments: (1) if Plaintiffs prevail, the Districts would be required to hold BOR harmless, so no relief could be granted for the Districts on the BOR's crossclaim; (2) the statute of limitations for the Districts' crossclaim against BOR has expired; and (3) the Districts fail to plead facts to support liability for breach of contract. The Court declines to address these arguments in light of the Court's decision to grant BOR's motion on the basis that Districts' crossclaim lacks subject matter jurisdiction.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. Third-Party Defendant BOR's Motion to Dismiss (Doc. 17) is hereby **GRANTED.**

2. The Districts' Third-Party Complaint (Doc. 5 at 9–21) against BOR is **DISMISSED.**

3. Plaintiffs' unopposed request that this Court retain supplemental jurisdiction over Plaintiffs' claims against the Districts is **GRANTED.**

Dated this 19th day of September, 2022.

_____
Brian Morris, Chief District Judge
United States District Court