# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| LLOYD and DANIELLE NEAL, JAMES P. TROY, and DAVID M. SABATO and MITZI B. SABATO as trustees of SABATO DAVID M AND SABATO MITZI B 2017 REVOCABLE TRUST,<br><br>               Plaintiffs,<br><br>   v.<br><br>GREENFIELDS IRRIGATION DISTRICT, FORT SHAW IRRIGATION DISTRICT, and DOES A-E,<br><br>               Defendants,<br>_____<br><br>GREENFIELDS IRRIGATION DISTRICT and FORT SHAW IRRIGATION DISTRICT,<br><br>               Third-Party Plaintiffs,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF RECLAMATION,<br><br>               Third-Party Defendant. | **CV-21-106-GF-BMM**<br><br>**ORDER** |

## INTRODUCTION

Defendant Greenfields Irrigation District ("Greenfields") moves the Court for partial summary judgment with respect to two damages issues. Greenfields filed a Motion for Partial Summary Judgment regarding application of a statutory tort damages cap on February 3, 2023. (Doc. 54.) Greenfields filed a second Motion for Partial Summary Judgment regarding punitive damages on February 10, 2023. (Doc. 58.) Plaintiffs Lloyd and Danielle Neal, James P. Troy, and David M. Sabato and Mitzi B. Sabato, as trustees of the Sabato David M and Sabato Mitzi B 2017 Revocable Trust (collectively "Plaintiffs") filed Responses to the summary judgment motions on February 24, 2023, and March 2, 2023, respectively. (Doc. 64; Doc. 66.)

## DISCUSSION

### I.   Statutory Tort Damages Cap.

Montana law imposes a statutory cap on tort damages against the state of Montana and its political subdivisions. Mont. Code Ann. § 2-9-108(1). State entities may not be held liable "in excess of $750,000 for and $1.5 million for each occurrence." *Id.* Greenfields asks the Court to rule that Mont. Code Ann. § 2-9-108(1) applies to Plaintiffs' claims on the basis that Greenfields is a political subdivision and governmental entity. (Doc. 55 at 5–6.) Plaintiffs acknowledge that Mont. Code Ann. § 2-9-108(1) applies. (Doc. 64 at 2.) Plaintiffs urge the Court to

2

construe the motion narrowly. Plaintiffs note that Greenfields' motion does not address the insurance exception to the statutory tort damages cap. Mont. Code Ann. § 2-9-108(3). (Doc. 64 at 4.)

The Court will grant Greenfields' motion to the extent that it recognizes the applicability of the statutory tort damages cap to Plaintiffs' claims. Mont. Code Ann. § 2-9-108(1). The Court makes no determination as to the applicability of the insurance exception to the damages cap. *Id.* § 2-9-108(3).

## II. Punitive Damages.

"The state and other governmental entities are immune from exemplary and punitive damages." Mont. Code Ann. § 2-9-105. Greenfields argues that Mont. Code Ann. § 2-9-105 requires dismissal of Plaintiffs' claim for punitive damages on the basis that Greenfields is a governmental entity. (Doc. 59.) Plaintiffs concede that their claim for punitive damages against Greenfields should be dismissed. (Doc. 66 at 2.) The Court will dismiss Plaintiffs' claim for punitive damages against Greenfields.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Defendant Greenfields's Motion for Partial Summary Judgment regarding the application of the statutory tort damages cap (Doc. 54) is **GRANTED.** The

Court does not address or determine the applicability of the insurance exception to the statutory tort damages cap. Mont. Code Ann. § 2-9-108(3).

2. Defendant Greenfields's Motion for Partial Summary Judgment regarding punitive damages (Doc. 58) is **GRANTED.**

3. The motions hearing scheduled for March 9, 2023, at 1:30 P.M. is hereby **VACATED.**

Dated this 6th day of March, 2023.

_____
Brian Morris, Chief District Judge
United States District Court