IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LLOYD AND DANIELLE NEAL, JAMES P. TROY, and DAVID M. SABATO and MITZI B. SABATO as trustees of SABATO DAVID M. AND SABATO MITZI B 2017 REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>GREENFIELDS IRRIGATION DISTRICT; FORT SHAW IRRIGATION DISTRICT; UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF RECLAMATION, and DOES A-E,<br><br>Defendants. | Case No.:  CV 21-106<br><br><br>STIPULATED PROTECTIVE ORDER |

**PROPOSED PROTECTIVE ORDER**

The parties to this Protective Order have agreed to its terms; accordingly, it is

**ORDERED**:

1.      **Scope.**  Discovery Materials are subject to this Protective Order upon being

designated as Protected Information by the Producing Party in accordance with Paragraph 2 or,

in the case of deposition testimony, transcripts, and exhibits, as described in Paragraph 8(c).

However, this Protective Order applies only to the specific copies of Discovery Materials so

designated and to copies made therefrom and information derived therefrom.  This Protective

Order does not apply to copies obtained outside of discovery in this litigation (e.g., in

investigations prior to litigation).

2.      **Designation.**

(a)      If a Producing Party has a good faith belief that certain Discovery Materials are entitled to confidential treatment, the Producing Party may designate such Discovery Materials as subject to this Protective Order by marking them in accordance with Paragraph 4.  The grounds for designating Discovery Materials as subject to this Protective Order include, without limitation:

(i)      designation as official use only/sensitive or sensitive unclassified;

(ii)      information prohibited from disclosure by statute, regulation, rule, or other law;

(iii)      information that reveals trade secrets or confidential business information; and

(iv)      research, technical, commercial, or financial information that has been maintained as confidential.

(b)      Use of Search Terms or Other Technology.  The litigation of this action may require each Party to review and to disclose large quantities of information and documents, including electronically stored information, through the discovery process.  As a result, a full page-by-page preproduction review of Discovery Materials may impose an undue burden on the Parties' resources that is disproportionate to the needs of the case.  Therefore, a Producing Party may designate Discovery Materials as subject to this Protective Order based on search terms, filtering, or other method or computer technology employed to identify information that might be entitled to confidential treatment.

(c)      Information or documents that are available to the public may not be designated as Protected Information. This order does not alter the applicability of open

2

government laws, and the exemptions therein, to any information produced to or exchanged with public governmental entities prior to the litigation.

(d)     Communications regarding settlement of this matter may not be designated as Protected Information.

(e)     The Producing Party may revoke its designation of Discovery Materials as subject to this Protective Order by providing a copy that is not marked in accordance with Paragraph 4, or by having counsel of record orally withdraw the designation on the record during a deposition.  The Producing Party must revoke its designation of Discovery Materials as subject to this Protective Order if it intends to use the materials in litigation and it determines that the materials do not contain Protected Information.

3.     **Definitions**.

(a)     "Discovery Material" means documents, ESI, information, or other material produced or adduced in the course of discovery in this litigation, including initial disclosures; responses to subpoenas, interrogatories, and requests for production; deposition testimony and exhibits; and information derived therefrom.

(b)     "ESI" means electronically stored information in any form, including but not limited to conventional electronic documents (e.g., spreadsheets and word processing documents), electronic mail, the contents of databases, mobile phone messages, digital and analog recordings (e.g., of voicemail), and transcripts of instant messages.

(c)     "Parties" means the parties to this litigation, including Defendant Greenfields and Fort Shaw Irrigation District managers, employees/staff and board members, counsel for the Parties and staff employed at counsel's law firms.

(d)     "Producing Party" means: (i) a Party to this litigation including their counsel who is producing documents, ESI, or other materials in response to a discovery request served in this action; or (ii) a person or their counsel who is producing documents, ESI, or other materials in response to a subpoena served in connection with this action.

(e)     "Protected Information" means documents, information, or other materials that are asserted to be entitled to confidential treatment and that have been designated as subject to this Protective Order by the Producing Party.

4.     **Marking of Discovery Materials as Subject to this Protective Order**.  To designate paper documents, image files, or tangible things, the Producing Party shall mark each page, image, or thing with the words "CONFIDENTIAL – PROTECTED INFORMATION." For image files, including placeholders, these words must be branded onto each image (as opposed to an overlay), and must be positioned to avoid obscuring parts of the image that are not blank.

5.     **Production Protocols.**

(a)     In the case of Discovery Materials being produced electronically, the Producing Party shall indicate within  such production what particular documents constitute Protected Information, through appropriate marking as provided in paragraph 4, and may furnish access to such materials via a load file.

(b)     In the case of Discovery Materials being produced on electronic media (e.g., compact discs or hard-drives), the Producing Party shall produce Protected Information on separate media from other Discovery Materials, or, if the production media are rewritable, in electronic folders that segregate Protected Information and other Discovery Materials.

(c)      Discovery Materials that are designated in accordance with Paragraph 4 are Protected Information under this Protective Order, regardless of the Producing Party's failure to comply with this Paragraph 5.

6.     **Disclosure of Protected Information.**  Except as stated in subparagraphs below, or as otherwise ordered by this Court, the Parties shall not disclose Protected Information to any other person.

(a)      **Disclosures Pursuant to Signed Attachment.**  The Parties may disclose or permit the disclosure of Protected Information to persons within categories listed below provided that each such person signs Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound."  Counsel shall retain all signed acknowledgments for a period of three years after the termination of the litigation including all appeals and need not produce such acknowledgements unless the requesting person establishes prima facie evidence of a violation of this Protective Order.

(i)      Consultants, investigators, or experts used by a Party to assist in the preparation and trial of this action;

(ii)      Persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; and

(iii)      Witnesses in this action to whom disclosure is reasonably necessary may receive a copy of documents containing Protected Information during the deposition and for the purpose of reviewing their transcript, but may not retain a copy.

(b)     **Disclosures without Signed Attachment**.  The Parties may disclose or permit the disclosure of Protected Information to persons within categories listed below without the requirement to sign Attachment A:

(i)      Parties and employees of a Party, subject to the use and purpose limitations described in this order;

(ii)     Counsel for the Parties and employees of counsel who have responsibility for this litigation (including but not limited to paid or unpaid, temporary or permanent law clerks, paralegals, and administrative or clerical personnel);

(iii)    The Court and its personnel, subject to other requirements herein, including those is Section 8(d) below;

(iv)    Court reporters and recorders engaged for depositions;

(v)     The author or recipient of the document (not including a person who received the document in the course of litigation); and

(vi)    Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

7.     **Use of Protected Information**.  Except as stated below, neither the Parties nor any third party contemplated by Paragraph 6 of this Protective Order shall use Protected Information for any purpose other than this litigation or settlement discussions regarding this litigation.

(a)     The Parties may use information as authorized by an order of this Court.

(b)     The United States may use Protected Information for law enforcement purposes and may, notwithstanding any other provision of this agreement, disclose Protected Information to law enforcement agencies.

8.    **Procedures regarding Protected Information**.

**Control of Documents.**

(a)    Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure or use of Protected Information.  Such efforts include complying with this Order, distributing copies of this Order to all persons identified in paragraph 6(a) who will handle Protected Information, and may include discussing the contents of this Order with their staff, and storing Protected Information in a password-protected format or database.

(b)    For Protected Information that is stored electronically,  such data may only be maintained on servers located in the United States.

(c)    **Depositions.**

(i)    In order to provide all parties an opportunity to designate deposition transcripts or exhibits, no party may disclose deposition testimony taken in this case from the time that the deposition begins until ten days after the transcript is delivered in draft or final form to each Party that has ordered a copy, without first notifying all other parties of such intended disclosure three (3) business days prior to disclosure.

(ii)    Prior to the expiration of either of the time periods provided in Paragraph 8(c)(i) – that is, either the ten-day period after receiving the transcript or the three-day period after receiving notice of an intent to disclose deposition testimony – any Party may serve a Notice of Designation to all Parties identifying the specific portions of the transcript that are designated Protected Information.  After the time periods provided in Paragraph 8(c)(i) expire, only those portions of the transcript identified in a Notice of Designation will continue to be Protected Information under this Protective Order, unless otherwise ordered by the Court.

(iii)     Notwithstanding anything to the contrary in this Paragraph 8(c), a Party may disclose prior deposition testimony to a witness during his or her deposition in accordance with Paragraph 6(a)(iii).

(d)     **Filing of Protected Information.**  The Parties may not file Protected Information except under seal. Pursuant to this Protective Order, a document containing Protected Information may be filed electronically under the court's electronic case filing system using the appropriate activity listed in the **"SEALED"** documents menu. If filed in paper form, a document containing Protected Information must be sealed in a parcel containing the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously marked on the outside, and must include as an attachment to the front of the parcel a copy of the certificate of service identifying the document being filed.

(i)     If a Party determines that a previously filed document contains Protected Information, the Party must give notice in writing to the Court and the other Parties that the document is to be treated as Protected, and thereafter the designated document must be treated in accordance with this Protective Order.

(ii)     **Redacting Protected Documents for the Public Record**

(1)     After filing a document containing Protected Information in accordance with Paragraph 8(d), or after later sealing a document pursuant to Paragraph 8(d)(i), the filing Party must promptly serve on the other Parties a proposed redacted version marked **"Proposed Redacted Version"** in the upper right-hand corner of the first page with the claimed protected information deleted.

(2)     If a Party seeks to include additional redactions, it must advise the filing Party of its proposed redactions within two business days after receipt of the

proposed redacted version, or such other time as agreed upon by the parties. The filing Party must then provide the other Parties with a second redacted version of the document clearly marked **"Agreed-Upon Redacted Version"** in the upper right-hand corner of the page with the additional information deleted.

(3)     At the expiration of the period noted in (2) above, or after an agreement between the Parties has been reached regarding additional redactions, the filing Party must file with the Court the final redacted version of the document clearly marked **"Redacted Version"** in the upper right-hand corner of the first page. This document will be available to the public.

(4)     Any disagreement among the Parties over redactions shall be handled in accordance with Paragraph 10.

(e)     **Use of Protected Information at Trial or Hearing.**  If any party intends to present Protected Information at trial or a hearing, that party will notify the other parties, and the parties will jointly confer on the appropriate manner and use of the Protected Information. The parties agree to address any disputes over the use of Protected Information prior to such trial or hearing, if necessary, by allowing the designating party to file a motion with the Court.

9.     **Inadvertent Failure to Designate.**  An inadvertent failure to designate Discovery Materials as Protected Information does not waive the right to so designate the Discovery Materials. If a Producing Party designates a document as Protected Information after it was initially produced, the other Parties, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Protective Order, and the Producing Party shall provide replacement documents marked in accordance with Paragraph 2.  No Party shall be found to have violated this Protective Order for failing to

9

maintain the confidentiality of material during a time when that material has not been designated Protected Information.  If a Party identifies a document (not previously marked or identified as Protected Information) that appears on its face or in light of facts known to the Party to contain Protected Information of any person, the Party identifying the information is under a good-faith obligation to notify the Producing Party and/or the interested person of the disclosure.  Such notification does not waive the identifying Party's ability to subsequently challenge any assertion that the document contains Protected Information.  If the Producing Party or other interested person wishes to assert that the document contains Protected Information, it shall provide such notice and replacement copies endorsed in compliance with this Protective Order.

10.     **Challenges to Designations.**  The designation of any Discovery Materials as Protected Information is subject to challenge by any Party, as follows.

(a)     **Meet and Confer.**  A Party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party.  In conferring, the challenging Party must explain the basis for its belief that the designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The Producing Party must respond to the challenge within 14 business days.

(b)     **Judicial Resolution.**  If, after satisfying the requirements of Paragraph 10(a) of this Protective Order, a Party elects to challenge a designation, that Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a certification of counsel that affirms that the movant has complied with the meet and confer requirements of Paragraph 10(a) of this

Protective Order.  The Producing Party shall bear the burden of persuasion in any such challenge proceeding.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Information under the terms of this Protective Order.

11.  **Effect of this Protective Order**.

(a)     The production of documents by a Producing Party pursuant to this Protective Order constitutes a court-ordered disclosure within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11); the Health Insurance Portability and Affordability Act of 1996 (HIPAA) implementing regulations, 45 C.F.R. § 164.512(a), (c)(1)(i); and the Trade Secrets Act, 18 U.S.C. § 1905.

(b)     Except on privilege grounds not addressed by this Protective Order, no person may withhold documents, information, or other materials from discovery in this litigation on the ground that they require protection greater than that afforded by this Protective Order, unless that person moves for an order providing such special protection.

(c)     Nothing in this Protective Order prohibits the Parties from using or disclosing, for purposes other than this litigation, documents or information that the Parties obtained outside of this litigation.

(d)     Nothing in this Protective Order or any action or agreement of a Party limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

(e)     Nothing in this Protective Order may be construed or presented as a final judicial determination that any Protected Information is entitled to protection, until such time as the Court may rule on a specific document or issue.

12.  **Documents requested or demanded by non-parties**.

(a)      If the United States is served with a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or any Party is served with a discovery request issued in other litigation, that seeks documents, ESI, or other material designated as Protected Information by another Producing Party, the Party served with the request, must, within ten days of determining that the request seeks Protected Information:

(i)      notify the Producing Party and provide a copy of the request; and

(ii)      inform the person responsible for the FOIA or discovery request of this Protective Order and provide them with a copy of this Protective Order.

(b)      The Parties shall not produce Protected Information in response to any FOIA or discovery request or other request or demand except in compliance with: (i) this Protective Order (e.g., with the consent of the Producing Party), (ii) a directive of this Court removing the designation as Protected Information, or (iii) a lawful directive of another court.

(c)      Nothing in this order prohibits a Party from filing a motion with this Court seeking modification of this order to allow the disclosure of Protected Information.  Any such motion must be served on the Parties and must describe in detail the proposed disclosure.

13.      **Obligations on Conclusion of Litigation**.

(a)      **Order Continues in Force.**  Unless otherwise agreed or ordered, this Protective Order will remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)      **Retention of Law Enforcement Documents.** Notwithstanding any other requirements herein, law enforcement agencies may retain Protected Information in use for law enforcement purposes pursuant to Paragraph 7(b), subject only to applicable laws and regulations, e.g., 28 C.F.R. part 16.

14.     **Order Subject to Modification.**  This Protective Order is subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

SO ORDERED.

DATED this  19th  day of  April       2023.

_____
Brian Morris, Chief District Judge
United States District Court


Date:  ___April 17_____, 2023              THE UNITED STATES OF
                                           AMERICA

                                           By: /s/ Andrew Warner
                                           ANDREW WARNER
                                           Attorney for the United States


Date:  ___April 17_____, 2023              GREENFIELDS IRRIGATION
                                           DISTRICT

                                           By: /s/ Stephanie Oblander
                                           STEPHANIE OBLANDER
                                           Attorney for Defendant


Date:  ___April 17_____, 2023              FORT SHAW IRRIGATION
                                           DISTRICT

                                           By: /s/ Tara DePuy
                                           TARA DEPUY
                                           Attorney for Defendant


Date:  ___April 17_____, 2023              PLAINTIFFS LLOYD AND
                                           DANIELLE NEAL, JAMES P.
                                           TROY, AND DAVID M. SABATO
                                           AND MITZI B. SABATO AS

TRUSTEES OF SABATO DAVID
M AND SABATO MITZI B 2017
REVOCABLE TRUST,

By: /s/ Keith Marr
KEITH D. MARR
Attorney for the Plaintiffs

**ATTACHMENT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | | |
|---|---|---|
| LLOYD AND DANIELLE NEAL, JAMES P. TROY, and DAVID M. SABATO and MITZI B. SABATO as trustees of SABATO DAVID M. AND SABATO MITZI B 2017 REVOCABLE TRUST, | ) ) ) ) ) ) | Case No.:  CV 21-106 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| GREENFIELDS IRRIGATION DISTRICT; FORT SHAW IRRIGATION DISTRICT; UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF RECLAMATION, and DOES A-E, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the above-captioned action and attached hereto, understands the terms

thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the

Court in matters relating to the Protective Order and understands that the terms of the Protective

Order obligate him/her to use materials designated as or asserted to be Protected Information in

accordance with the specific terms of the Protective Order.  The undersigned acknowledges that

violation of the Protective Order may result in penalties for contempt of court.

Name: _____

15

Job Title:              _____

Employer:              _____

Business Address:      _____

                       _____

Dated: _____   Signature: _____