IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LLOYD and DANIELLE NEAL, JAMES P. TROY, and DAVID M. SABATO and MITZI B. SABATO as trustees of SABATO DAVID M AND SABATO MITZI B 2017 REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>GREENFIELDS IRRIGATION DISTRICT, FORT SHAW IRRIGATION DISTRICT, UNITED STATES, and DOES A-E,<br><br>Defendants. | Cause No. CV-21-106-GF-BMM<br><br>ORDER |

### INTRODUCTION

Defendant Greenfields Irrigation District ("GID") filed a motion for partial summary judgment on the claims asserted by Plaintiff James P. Troy ("Troy") based on the doctrine of laches. (Doc. 83.) The Court held a hearing on the motion on April 4, 2024. (Doc. 114.) GID filed a motion on April 10, 2024, to supplement its motion on laches. (Doc. 121.) Plaintiffs oppose the motion. (Doc. 126.)

### LEGAL STANDARD

A district court retains discretion over whether to grant a motion to supplement the record. *Resilient Floor Covering Pension Trust Fund Bd. of Trs. v.*

1

*Michael's Floor Covering, Inc.*, 801 F.3d 1079, 1088 (9th Cir. 2015). "[D]istrict courts consider whether the evidence the party is seeking to admit is relevant." *Bollfrass v. City of Phoenix*, No. CV-19-04014-PHX-MTL, 2022 U.S. Dist. LEXIS 70072, at *3–4 (D. Ariz. April 14, 2022). Courts also should consider "whether the motion is made in good faith and whether allowing supplementation would unfairly prejudice the non-moving party." *Id.*; *see also Shijiazhuang Hongray Grp. v. World Trading 23 Inc.*, 5:21-cv-00972-FWS-KK, 2023 U.S. Dist. LEXIS 141947, at *8 (C.D. Cal. Aug. 14, 2023).

## DISCUSSION

GID argues that it has received new evidence of prejudice suffered by GID due to Troy's delay in bringing his claims. (Doc, 122 at 2–3.) GID notes that it received a letter from its insurer that opined that the claims brought by Troy may constitute a known loss predating GID's coverage agreement. (Doc. 122-1 at 6.) GID also argues that GID has been unable to locate prior insurance carriers, which prevents GID from tendering the claims under prior insurance coverage agreements. (Doc. 128 at 2.) Troy argues that the letter does not constitute evidence of a lack of insurance coverage for the claims. (Doc. 126 at 2.) Troy notes that the letter instead represents an attorney's opinion about insurance coverage, not a conclusive coverage determination. (*Id.*)

GID seeks to introduce evidence regarding insurance coverage information. This evidence proves relevant to the issue of prejudice, which represents a necessary element that GID must show to succeed on its laches argument. The Court acknowledges Troy's argument that the letter conveys only an opinion on coverage rather than a judicial determination about the scope of coverage. The Court finds, however, that Troy's argument goes to the weight of the evidence rather than its relevance. The letter does not prove whether insurance coverage exists for Troy's claims. The letter demonstrates that GID's insurer has raised questions regarding coverage and that the insurer has raised those questions, in part, due to the time elapsed since the canal was first used. The affidavit of GID's manager further demonstrates that GID has encountered difficulty in identifying prior insurers and tendering claims to those insurers. (Doc. 122-1, ¶¶ 5–8.) This evidence proves relevant to whether Troy's alleged delay in bringing his claims has prejudiced GID.

GID also appears to have brought its motion in good faith. The coverage letter is dated March 19, 2024. (Doc. 122-1 at 5.) GID filed its initial motion on January 19, 2024, and filed its reply brief on February 21, 2024. (Doc. 83; Doc. 95.) GID could not have included the coverage opinion in the record on its initial motion as GID did not receive the coverage opinion until three months after filing its motion for summary judgment. GID could have presented the coverage letter at the hearing on this case in April and possibly could have explored any prejudice it might suffer

3

related to insurance coverage prior to filing its motion. The Court finds that GID acted with reasonable diligence when GID brought the potential evidence to the Court's attention within a month of receiving the letter and within almost a week of the hearing on GID's motion.

The Court also finds that allowing GID to supplement its motion on laches would not unfairly prejudice Troy. The supplementation of the record will cause only minimal delay in the resolution of GID's motion. Troy has set forth no argument regarding how the supplementation would prejudice Troy. (*Id.*) Troy also already has challenged the weight of the evidence in showing prejudice. (Doc. 126 at 2.) The Court will afford Troy an additional opportunity to address the new evidence in order to mitigate any possible prejudice from the supplementation.

## CONCLUSION

The Court will grant GID's motion to supplement its motion on laches. (Doc. 121.) The Court will adopt the coverage letter and affidavit of Erling Juel (Doc. 122-1) as part of the record on which the Court will decide GID's motion for summary judgment on Troy's claims. Troy may submit a supplemental brief addressing this new evidence and its effect on the prejudice element of the laches issue.

## ORDER

Accordingly, **IT IS ORDERED** that:

1. GID's Motion to Supplement its Laches Motion (Doc. 121) is **GRANTED**.

2. The coverage letter and affidavit of Erling Juel (Doc. 122-1) are hereby incorporated as part of the record on which the Court will decide GID's motion for summary judgment on Troy's claims.

3. Troy may file a supplemental brief not to exceed eight (8) pages addressing the new evidence and its effect, if any, on the prejudice prong of the laches issue. Should Troy choose to file any such supplemental brief, Troy must file the brief within ten (10) days of this Order.

DATED this 15th day of May, 2024.

_Brian Morris_
Brian Morris, Chief District Judge
United States District Court